UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 11-09-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS D. TURNER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition (also known as a Report and Recommendation or "R&R") [R. 60] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Douglas D. Turner, allegedly violated the terms of his supervised release by using a controlled substance without a proper prescription and by illegally possessing oxycodone. [*Id*. at 1-2.] Upon notification of that violation, the Court issued an arrest warrant. [R. 53.] This matter was then referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter. [R. 56.]

On March 20, 2013, Judge Ingram conducted a final hearing on revocation of Turner's supervised release, [R. 58] and nine days later Judge Ingram issued an R&R. [R. 60.] He noted that revocation was statutorily required in this case. [*Id*. at 4.] Judge Ingram proceeded to describe the seriousness of Turner's violation, making special note that Defendant's request for home incarceration as the penalty for his violation was not appropriate given that the violation arose because Turner took some of his mother's medication. [*Id.* at 5-6.] The penalty Judge Ingram recommended is a three-month term of incarceration with a re-imposition of supervised

1

release terminating on August 27, 2015. [*Id.* at 7.] The R&R concluded by directing the parties' attention to the relevant statute which requires any objections to be filed within fourteen (14) days of service. [*Id.* at 7.] *See* 28 U.S.C. § 636(b)(1). There were no objections filed during the relevant time period.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Recommended Disposition [R. 60] as to Douglas D. Turner is **ADOPTED** as and for the Opinion of the Court;

(2) The Defendant, Douglas D. Turner, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office [R. 52-1];

(3) Turner's Supervised Release is **REVOKED**;

(4) Turner is **SENTENCED** to the Custody of the Bureau of Prisons for a term of imprisonment of **three (3) months**;

(5) A term of supervised release is **REIMPOSED** extending until August 27, 2015

under the same conditions as those originally imposed in the January 2012 judgment [R. 40];

    (6)    The allocution hearing has been **WAIVED** [R. 61];

    (7)    Judgment shall be entered promptly.

This 8th of May, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge